OPINION. Van Fossan, Judge: Respondent contends that petitioners’ organization was an “acquisition” for the “principal purposes” of “evasion or avoidance of Federal income or excess profits tax” within the meaning of those words as used in section 129[2] of the Code and that petitioners are thereby denied the specific exemption of section 710 (b) (1).[3] _ _ _ _ The petitioners contend (1) that the principal purpose of their organization was not to evade or avoid taxes and (2) that the petitioners were not “acquiring” corporations within the meaning of section 129. There is no occasion to consider the petitioners’ second contention inasmuch as the basic issue is disposed of by our Findings of Fact that the principal purpose of the petitioners’ formation was not to evade or avoid Federal income or excess profits tax liability. The issue being thus disposed of, little more need be said by way of exposition. In our opinion, petitioners have shown that a realignment of the liability for store leases rather than tax avoidance was the principal purpose in their organization. Respondent, in effect, admits on brief that the petitioners had a business purpose but contends that this business purpose was secondary to the avoidance of taxes. It is true that the tax consequences of Berlands’ reorganization were considered prior to the execution of the plan and that a limited benefit resulted. The statute does not forbid such consideration. Rather, the question under the statute is — was tax avoidance “the principal purpose” of Berlands’ actions ? It is apparent from the record, as we have set out in detail in our Findings of Fact, that Berlands found its operation hampered in the depression of the 1930s because of its inability to obtain revisions and reductions in rentals. Berlands’ president believed that if the stores had been owned by separate corporations, those corporations would have been in a better position to negotiate for rental reductions than if the leases were all held by Berlands. When faced with rising rentals in 1944 and a need to expand operations in order to maintain volume, Berlands’ president again considered the plan which he be-lived would have aided the company in its difficulty with rental reductions in the 1930s. The plan to incorporate all of the branch stores was modified on advice of counsel and only 22 of the existing 51 stores were incorporated. The original purpose of establishing a precedent and persuading the lessors of future leases that liability thereon would extend only to the subsidiary lessee, was carried out. The consideration of the tax aspects of the plan was no more than should be expected of any business bent on survival under the tax rates then current. Such consideration is only the part of ordinary business prudence. It does not follow automatically from the fact that tax consequences were considered, that tax avoidance was the principal purpose of Berlands’ organization of the petitioning corporations. On the record, we have found to the contrary and that such was not the principal purpose. The petitioners should not, therefore, be denied the specific exemption under section 710 (b) (1) of the Code. Alcorn Wholesale Co., 16 T. C. 75. Decisions will be entered wider Bule 50. SBC. 129. ACQUISITIONS MADE TO EVADE OR AVOID INCOME OR EXCESS PROFITS TAX. (a) Disallowance of Deduction, Credit, or Allowance. — If (1) any person or persons acquire, on or after October 8, 1940, directly or indirectly, control of a corporation, or (2) any corporation acquires, on or after October 8, 1940, directly or indirectly, property of another corporation, not controlled, directly or indirectly, immediately prior to such acquisition, by such acquiring corporation or its stockholders, the basis of which property, in the hands of the acquiring corporation, is determined by reference to the basis in the hands of the transferor corporation, and the principal purpose for which such acquisition was made is evasion or avoidance of Federal income or excess profits tax by securing the benefit of a deduction, credit, or other allowance which such person or corporation would not otherwise enjoy, then such deduction, credit, or other allowance shall not be allowed. For the purposes of clauses (1) and (2), control means the ownership of stock possessing at least 50 per centum of the total combined voting power of all classes of stock entitled to vote or at least 50 per centum of the total value of shares of all classes of stock of the corporation. ******* SEC. 710. IMPOSITION OP TAX. [[Image here]] (b) Definition of Adjusted Excess Profits Net Income. — As used in this section, the term “adjusted excess profits net income*’ in the case of any taxable year means the excess profits net income (as defined in section 711) minus the sum of; (1) Specific exemption. — A specific exemption of $10,000, and in the case of a mutual insurance company (other than life or marine) which is an inter-insurer or reciprocal underwriter, a specific exemption of $50,000;